**SOUTHERN ANCHOR BOLT COMPANY, Plaintiff,**

v.

**ATLANTIC STEEL COMPANY, Defendant.**

Civ. A. No. 182–58.

United States District Court, S.D. Georgia, Augusta Division.

Oct. 7, 1982.

**16**

Jay M. Sawilowsky, Augusta, Ga., for plaintiff.

Wyck A. Knox, of Knox & Zacks, P.C., Augusta, Ga., Kevin E. Grady and John I. Spangler, III of Jones, Bird & Howell, Atlanta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

This matter is before the Court on two motions: (1) the defendant's motion of June 1, 1982, in which the defendant asked this Court to exercise its discretion pursuant to Rule 42(b) Fed.R.Civ.P. to sever the plaintiff's antitrust claims from defendant's counterclaims and to stay discovery pertaining to the antitrust claims pending an advanced resolution of defendant's counterclaims; and (2) the plaintiff's subsequent motion to compel discovery pursuant to Rule 37, Fed.R.Civ.P. which was filed when plaintiff was unable to secure satisfactory responses from the defendant to certain interrogatories and requests for production of documents. It appears that the defendant's objections to plaintiff's attempted discovery were based primarily on the pendency of defendant's previous motion to stay discovery. The defendant at no time has filed a motion for a protective order pursuant to Rule 26(c), Fed.R.Civ.P.

### I. The Defendant's Motion

The plaintiff filed its complaint on April 6, 1982 to "recover damages for injury by the Defendant to the business and property of the Plaintiff sustained by reason of violations by the Defendant ... of 15 U.S.C. §§ 13 and 13(a)." Plaintiff complains of defendant's conduct over a four year period and asks for $98,600.00 in damages. On May 6, 1982 the defendant filed its answer to plaintiff's complaint and asserted three counterclaims. In Count I of its counterclaims, the defendant asserts that beginning in December of 1981 the plaintiff refused to pay for the products it ordered and received from the defendant. The defendant therefore seeks to recover $15,850.07 on its open-account agreement with the plaintiff. Defendant also seeks to recover damages, in Count II of its counterclaims, for plaintiff's conversion of the products for which payment has not yet been received.

Finally, in Count III of its counterclaims, the defendant seeks to recover the expenses of this litigation, including attorney's fees, by alleging that the plaintiff acted in bad faith in filing its complaint and that the plaintiff has been stubbornly litigious.

■ Under Rule 42(b), Fed.R.Civ.P., this Court has the discretion to separate its consideration of plaintiff's antitrust claim from any consideration of· defendant's counterclaims "in furtherance of convenience or to avoid prejudice, or ... [if] separate trials [would] be conducive to expedition and economy ...." A separation of issues is often appropriate in cases containing antitrust claims where such claims are certain to "prolong and complicate" a more basic contractual dispute. *See Dickstein v. duPont,* 443 F.2d 783, 786 (1st Cir.1971). The presence of an antitrust claim, however, does not justify separate trials in every case. *See Gutor International Ag. v. Raymond Packer Co. Inc.,* 493 F.2d 938, 947 (1st Cir.1974).

■ In determining whether the defendant's motion should be granted under the facts of this case, it must be recognized at the outset that, as a general rule, a claim of price discrimination under the Robinson-Patman Act, 15 U.S.C. § 13(a), is not a valid defense to the nonpayment of an underlying contractual obligation. *See Bruce's Juices v. American Can Co.,* 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947). As the Supreme Court noted in reference to the Sherman Antitrust Act:[1]

> Past the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act [in this case the Robinson-Patman Act], the courts are to be guided by the overriding general policy ... "of preventing people from getting other people's property for nothing when they purport to be buying it."

*Kelly v. Kosuga,* 358 U.S. 516, 520–21, 79 S.Ct. 429, 431–32, 3 L.Ed.2d 475 (1959) (quoting *Continental Wall Paper Co. v.*

*Louis Voight & Sons Co.,* 212 U.S. 227, 271, 29 S.Ct. 280, 296, 53 L.Ed. 486 (1909) Holmes, J., *dissenting*); *see Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057–60 (5th Cir.1982).

■ A review of the relevant authorities establishes that the plaintiff in this case may not raise illegality as a defense to the defendant's counterclaims for payment. *Cf. Continental Wall Paper Co. v. Louis Voight & Sons Co.,* 212 U.S. 227, 261–62, 29 S.Ct. 280, 291–92, 53 L.Ed. 486 (1909) (suit based on an account which was made up, within the knowledge of both the seller and buyer, with direct reference to and in execution of certain agreements under which an illegal combination, represented by the seller was organized); *see also Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982). The defendant's counterclaims in this case center on a sale on open account, and therefore must be construed as an attempt to recover the reasonable value of the goods which the defendant delivered to the plaintiff after the first of December, 1981. *See Ga.Code Ann.* § 30–107. Since the defendant can only recover the reasonable value of the delivered goods under its contract on open account with the plaintiff, there is no way in which any judgment by the Court on defendant's counterclaims could operate to enforce a discriminatory pricing scheme in contravention of the intent of the Robinson-Patman Act. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1060 (5th Cir.1982); *Carpa, Inc. v. Ward Foods, Inc.,* 536 F.2d 39, 54–55 (5th Cir.1976). Thus, the plaintiff's antitrust allegations cannot be considered as an actual defense to any of the defendant's counterclaims.

Just because the plaintiff's antitrust claim may not be considered as a defense to the defendant's counterclaims does not mean, however, that considerations of judicial economy would be furthered by sever-

---

1. The Court's comment is equally valid in regard to the Robinson-Patman Act. *El Salto, S.A. v. PSG Co.,* 444 F.2d 477, 482 n. 1 (9th Cir.) *cert. denied,* 404 U.S. 940, 92 S.Ct. 273, 30 L.Ed.2d 253 (1971).

ing consideration of the plaintiff's contentions from consideration of the defendant's counterclaims. Although not a defense, plaintiff's allegations of price discrimination are relevant to any inquiry into the reasonable value of the goods delivered by the defendant to the plaintiff since December of 1981.[2] The plaintiff is only liable on its contract with the defendant for the reasonable value of the goods delivered, not for an artificially inflated price. In addition, the defendant's requests for relief contained in Counts II and III of its counterclaims require a determination of the good or bad faith of the plaintiff in not paying for the goods delivered by the defendant after December 1, 1981 and in bringing this lawsuit. These claims of the defendant require an assessment of the validity of plaintiff's antitrust allegations.

After due consideration, I find that justice would be best served by moving forward as expeditiously as possible to a trial of this entire matter rather than by staying plaintiff's antitrust claims and accelerating review of the defendant's counterclaims. Accordingly, the defendant's motion pursuant to Rule 42(b), Fed.R.Civ.P. is hereby denied.

## II. The Plaintiff's Motion

Although the defendant has provided more specific objections to most of the plaintiff's discovery, the Court perceives that the main reason for the defendant's reluctance to respond to the plaintiff's discovery was the pendency of the defendant's motion pursuant to Rule 42(b), Fed.R.Civ.P. That motion has now been put to rest and the Court is anxious to get the discovery process moving. It appears that the defendant has filed a supplemental response to plaintiff's initial request for the production of documents since the filing of plain-

tiff's motion to compel. Thus, there has been some progress toward compliance with the plaintiff's discovery requests without judicial intervention. Now that the obstacle of defendant's motion to sever has been removed, it is hoped that the relief sought through plaintiff's present motion to compel can be largely achieved through the voluntary cooperation of the parties.

In an effort to foster a voluntary resolution of this matter and in order to clarify those issues which remain for this Court's determination, it is hereby ordered that the parties confer within fifteen (15) days in a good faith effort to resolve the issues raised by the plaintiff's motion to compel in light of the Court's denial of defendant's motion to sever. After such conference and within twenty (20) days of the date of this order, the plaintiff may file an amended motion to compel which describes in detail any continuing failure of the defendant to comply with the plaintiff's requests for discovery. The defendant may then respond to any amended motion submitted by the plaintiff within the time prescribed by Local Rule 6.2 by raising specific objections. The Court will then rule on any remaining areas of controversy, fashion a protective order if such an order is appropriate, Rule 37(a)(2), Fed.R.Civ.P., and consider the question of awarding expenses. Rule 37(a)(4), Fed.R. Civ.P.

---

**2.** It should also be noted that plaintiff's failure to pay for a portion of the goods which it claims were discriminatorily priced may have a significant impact on the calculation of plaintiff's antitrust damages. *See Bruce's Juices v. American Can Co.,* 330 U.S. 743, 749 n. 3, 67 S.Ct. 1015, 1018 n. 3, 91 L.Ed. 1219 (1947); *Kaiser Aluminum & Chemical Sales, Inc. v.*

*Avondale Shipyards, Inc.,* 677 F.2d 1045, 1060–61 n. 21 (5th Cir.1982); *Carpa Inc. v. Ward Foods, Inc.,* 536 F.2d 39, 54–55 (5th Cir. 1976). This potential impact, however, is not "automatic" in nature. *J. Truett Payne Co. v. Chrysler Motors Corp.,* 451 U.S. 557, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1981).